Because the petitioner raised the question of the prosecutor's exercise of his peremptory challenges in the trial court in this case, and because his case is still pending on direct review, I agree that the case must be remanded to the trial court under the principles of law set forth in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986), and Griffith v. Kentucky, 479 U.S. 314,107 S.Ct. 708, 93 L.Ed.2d 649 (1987). In other words, this case is within the "stream of similar cases" and defendant Penn is "similarly situated" to defendants Batson and Griffith.
In Griffith v. Kentucky, the Court pointed out:
 "As a practical matter, of course, we cannot hear each case pending on direct review and apply the new rule. But we fulfill our judicial responsibility by instructing the lower courts to apply the new rule retroactively to cases not yet final. Thus, it is the nature of judicial review that precludes us from '[s]imply fishing one case from the stream of appellate review, using it as a vehicle for pronouncing new constitutional standards, and then permitting a stream of similar cases subsequently to flow by unaffected by that new rule.' [Mackey v. United States, 401 U.S. 667, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971)]. See United States v. Johnson, 457 U.S. [537] at 546-547, 555 [102 S.Ct. 2579, at 25842585, 2590, 73 L.Ed.2d 202]. [Emphasis added.]
"* * * *
 "Second, the use of a 'clear break' exception creates the same problem of not treating similarly situated defendants the same. James Kirkland Batson, the petitioner in Batson v. Kentucky, and Randall Lamont Griffith, the petitioner in the present Kentucky case, were tried in Jefferson Circuit Court approximately three months apart. The same prosecutor exercised peremptory challenges at the trials. It was solely the fortuities of the judicial process that determined the case this Court chose initially to hear on plenary review. JUSTICE POWELL has pointed out that it 'hardly comports with the ideal of "administration of justice with an even hand." ' when 'one chance beneficiary — the lucky individual whose case was chosen as the occasion for announcing the new principle — enjoys retroactive application, while others similarly situated have their claims adjudicated under the old doctrine.' " (Emphasis added.)
479 U.S. at 322, 107 S.Ct. at 713-716.
This case does not present a situation in which the defendant did not preserve for review his constitutional claim. Cf. United States v. Wilson, 158 F. Supp. 442, 450
(M.D.Ala. 1958), wherein Judge Johnson held that the failure of the defendant to raise any objections to the qualification of *Page 321 
jurors prior to going to trial constituted a waiver of the objections.